**Brenda BISHOP, a/k/a Brenda Boone**

v.

**B.J.J. BRAKE CO., INC., and the Corbitt Marine Ways, Inc.**

**Civ. A. No. B–85–956–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 14, 1986.

Bill J. Sanders, Sanders and Sanders, Beaumont, Tex., for plaintiff.

Douglas R. Wight, Schirmeyer & Kratochvil, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The defendants B.J.J. Brake Co., Inc., and The Corbitt Marine Ways, Inc., filed on March 25, 1986, a motion for judgment on the pleadings, or in the alternative, a motion to dismiss for failure to state a claim upon which relief could be granted. After the filing of the above motion, the court dismissed B.J.J. Brake Co., Inc., at the urgence of the plaintiff.

After reviewing the briefs submitted to the court, this court is of the opinion that the defendant's motion is meritorious.

The plaintiff asserted a cause of action under the *Racketeer Influenced and Corrupt Organizations Act,* 18 U.S.C. § 1961 et seq.,[1] what is commonly called a RICO action. In its motion to dismiss, the defendant asserted four grounds for dismissal. The court finds the defendant's fourth ground the most persuasive; i.e., that the plaintiff has failed to show a distinction between the defendants and the RICO enterprise.

It is the learned opinion and majority opinion of most courts facing the question that there must be a distinction between the RICO "person" and the RICO "enterprise." *See, U.S. v. Computer Sciences Corp.,* 689 F.2d 1181 (4th Cir.1982), *cert. denied* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago,* 747 F.2d 384, 400 (7th Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir.1984); *Bennett v. Berg,* 685 F.2d 1053, 1061 (8th Cir.1982), *aff'd in part and rev'd in part,* 710 F.2d 1361 (8th Cir. 1983), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Hirsch v. Enright Ref. Co.,* 751 F.2d 628, 633 (3d Cir. 1984); *Bennett v. U.S. Tr. Co. of New York,* 770 F.2d 308, 315 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986).

Only one Circuit has held no distinction need be shown. *U.S. v. Hartley,* 678 F.2d 961 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

The clear majority holds that where a named defendant is also the alleged RICO enterprise, there is an untenable identity of the RICO person and the RICO enterprise.

As stated early on, there remains only one named defendant in this case, Corbitt (B.J.J. was dismissed at the plaintiff's request). Thus, logic compels the court to find that the RICO "person" and the RICO "enterprise" are one and the same. This identity prohibits the plaintiff's alleged cause of action from being asserted. *See, Parnes v. Heinold Commodities, Inc.,* 548 F.Supp. 20 (N.D.IL.1982).

It is therefore, ORDERED, ADJUDGED and DECREED that the plaintiff's cause of action be DISMISSED with prejudice.

---

1. Plaintiff in her amended answers to interrogatories specifically relied upon § 1962(c) and (d).