Bill J. Sanders, Beaumont, Tex., for plaintiff-appellant.

Douglas R. Wight, L. Glen Kratochvil, Houston, Tex., for defendant-appellee.

---

**Brenda BISHOP, a/k/a Brenda Boone, Plaintiff-Appellant,**

v.

**The CORBITT MARINE WAYS, INC., Defendant-Appellee.**

No. 86–2336
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1986.

Before GEE, RUBIN, and JOLLY, Circuit Judges.

PER CURIAM:

This dispute over repairs to a fishing boat—a garden-variety commercial one—produced a RICO[1] complaint asserting claims under Subsections 1962(c) and 1962(d)[2], which were dismissed by the trial court, 632 F.Supp. 10. It did so because the plaintiff alleged that the RICO "person" and the RICO "enterprise" were one and the same: the sole defendant.[3] We affirm.

As the trial court noted, the overwhelming weight of opinion in the circuits supports this action:

It is the learned opinion and majority opinion of most courts facing the question that there must be a distinction between the RICO "person" and the RICO "enterprise." *See, United States v. Computer Sciences Corp.,* 689 F.2d 1181 [ (4th Cir.1982) ], *cert. denied,* 459 U.S. 1105 [103 S.Ct. 729, 74 L.Ed.2d 953]

---

1. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

2. (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

   (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

3. Plaintiff had earlier non-suited the other original defendant.

(1983). *Haroco, Inc. v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 400 (7th Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 3291 [87 L.Ed.2d 437] (1985); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir.1984); *Bennett v. Berg,* 685 F.2d 1053, 1061 (8th Cir.1982), *aff'd in part and rev'd in part,* 710 F.2d 1361 (8th Cir.1983), *cert. denied,* 464 U.S. 1008 [104 S.Ct. 527, 78 L.Ed.2d 710] (1983); *Hirsch v. Enright Ref. Co.,* 751 F.2d 628, 633 (3d Cir.1984); *Bennett v. United States Trust Co. of New York,* 770 F.2d 308, 315 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 800 [88 L.Ed.2d 776] (1986).

Only one Circuit had held no distinction need be shown. *United States v. Hartley,* 678 F.2d 961 (11th Cir.1982), *cert. denied,* 459 U.S. 1170 [103 S.Ct. 815, 74 L.Ed.2d 1014] (1983).

With all deference to our Brethren of the Eleventh Circuit, we align ourselves with the weight of authority: where subsection (c) violations are concerned, the "person" and the "enterprise" must be distinct. Because we find ourselves in agreement with the reasoning of the Seventh Circuit on this point, as expressed in *Haroco,* we adopt it and need not repeat it here. See 747 F.2d, at 399–402.

AFFIRMED.