**John P. DAVIS and Paul M. Davis**

v.

**A.G. EDWARDS & SONS, INC., and Lloyd D. Tiller Jr.**

Civ. A. No. 85–2675.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Feb. 29, 1988.

J. Ransdell Keene, Keene & Goorley, Shreveport, La., for plaintiffs.

John T. Cox, R. Joseph Naus and E. Keith Carter, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for defendants.

## MEMORANDUM RULING

STAGG, Chief Judge.

Plaintiff, John P. Davis, brought suit against the defendants, A.G. Edwards & Sons, Inc. (hereinafter "Edwards") and Lloyd D. Tiller Jr., a stockbroker for Edwards, on September 13, 1985. Paul M. Davis, also a plaintiff herein, brought suit against the defendants on September 20, 1985. The initial complaint alleged that Edwards and Tiller engaged in the manipulative and fraudulent practice of excess and objectionable trading activity. The action was based on the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).

A first amending and supplemental complaint was filed by plaintiffs in October of 1984, naming as additional defendants X, Y and Z, who were alleged to be agents and employees of Edwards acting and performing as managers and supervisors of Tiller. In addition to the securities action, the amended complaint alleged a cause of action under the civil provisions of the Racketeer Influenced and Corrupt Organization Act (hereinafter "RICO") 18 U.S.C. §§ 1961–1968. Plaintiffs also included a separate count for injunctive relief under RICO, as well as state pendent claims for breach of contract and unjust enrichment.

In a memorandum ruling dated May 27, 1986, this court granted summary judgment in favor of defendants on the basis that the claims under RICO and the Securities and Exchange Act of 1934 were time-barred. On a consolidated appeal, the United States Court of Appeals for the Fifth Circuit affirmed the granting of summary judgment on the securities law claims, but reversed regarding the ruling as to the RICO claims. *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105 (5th Cir.1987). Reversal with regard to the RICO claims was mandated in light of the Supreme Court's recent decision in *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. ——, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987), wherein it was held that RICO claims are to be governed by the same four-year statute of limitations applicable to Clayton Act actions. On remand from the Fifth Circuit, the cases have been consolidated.

On November 19, 1987, this court issued its Standing Civil RICO Order setting forth what plaintiffs must allege in order to satisfy the pleading requirements of Fed.R. Civ.P. 9(b). The order provided that plaintiffs "shall file within 20 days of the entry of this order a RICO case statement." When plaintiffs failed to timely comply with this order, defendants filed, on December 14, 1987, a motion to dismiss for failure to prosecute pursuant to Fed.R.Civ. P. 41(b). At the same time, defendants filed a motion for summary judgment with respect to plaintiffs' first amending and superseding complaint. These motions are presently pending before the court.

On December 18, 1987, plaintiffs requested leave of court to file a second amending and superseding complaint. The proposed complaint attempts to allege a cause of action under 18 U.S.C. §§ 1962(c) and (d). Edwards, however, is not a named defendant in the RICO count. The proposed complaint reasserts state causes of action for breach of contract and unjust enrichment. Leave of court to file the second amending and superseding complaint (hereinafter "the complaint") is hereby GRANTED.

## FAILURE TO COMPLY WITH THE COURT'S STANDING RICO ORDER

Plaintiffs finally filed a RICO case statement on December 23, 1987. Counsel for plaintiffs contended in that statement that the complaint satisfied the court's Standing Rico Order "in all respects." Apparently this explains why plaintiffs merely rearranged and reiterated allegations found in the complaint to compose the RICO case statement. Except for dropping Edwards as a defendant in the RICO count and not alleging a cause of action for injunctive relief, the complaint is virtually identical to the first amending and superseding complaints filed in October of 1985. If this court deemed the first amending and superseding complaint to be sufficient under Fed.R.Civ.P. 9(b), then the court would not have issued its Standing RICO Order on November 19, 1987.

Plaintiffs allege mail and wire fraud as the predicate acts committed by the defendants in the RICO count. Paragraph 5(c) of the court's Standing Rico Order provides:

Describe in detail the pattern of racketeering activity or a collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:

If the RICO claim is based upon the predicate offenses of wire fraud, mail fraud, ..., the circumstances constituting fraud or mistake shall be stated with particularity, Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made.

Paragraph 8 of the Standing Order requires plaintiffs to "describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity." Plaintiffs were required to "discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all."

■ Plaintiffs' apparent efforts to comply with the court's order are insufficient. Plaintiffs allege in the complaint that defendants made "false and fraudulent pretenses, representations and promises as to the merit, worth, substance and value of these investments, well knowing that they were false when made."

With respect to pleading fraud with specificity, plaintiffs' conclusory averments of fraud do not satisfy the court's requirement that plaintiffs identify the "contents of the alleged misrepresentations or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made." A complaint based on fraud must state with particularity precisely what statements or omissions were made and in what documents or oral representations they originated. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir.1986); *Filmtrucks, Inc. v. Earls*, 635 F.Supp. 1158, 1163 (S.D.

N.Y.1986). Plaintiffs have not identified a single statement that was allegedly false. In addition, plaintiffs have failed to plead with particularity how the alleged racketeering activity differs from the daily activities of the enterprise.

■ The Fifth Circuit has held that a plaintiff attempting to aver a RICO cause of action must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise. *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir.1987). It is now well established that a person cannot simultaneously be a RICO "enterprise" and a RICO "person" who conducts the affairs of the enterprise through a pattern of racketeering. *Atkinson v. Anadarko Bank & Trust Company*, 808 F.2d 438, 440–41 (5th Cir.1987); *Bishop v. Corbitt Marine Ways, Inc.*, 802 F.2d 122, 123 (5th Cir.1986).

■ Plaintiffs' allegation of the RICO enterprise, contained in the complaint, states:

The enterprise whose affairs were conducted through a pattern of activity made illegal under 18 U.S.C. Section 1962 et seq. was at all times material hereto, made up of the corporation, Edwards, and the individuals and agents employed by and given power and authority to act for it as defined in 18 U.S.C. Section 1961(4).

Paragraphs 3 and 13(7) allege that the named defendants in the RICO count, Tiller, X, Y and Z, were agents and employees of Edwards. Nowhere does either the complaint or the untimely RICO case statement allege with specificity how the alleged racketeering activity of Tiller and his supervisors was separate and distinct from that of the enterprise. In fact, the overt acts alleged to have been committed by Tiller and his supervisors were in the form of stock trades. Paragraph 1 of plaintiffs' proposed complaint alleges that Edwards is "engaged, among other things, in the licensed business of the sale, purchase and brokerage of securities." There is no allegation whatsoever that the alleged racketeering activities of Tiller and his supervisors were in any way different from the

activities and daily business of the enterprise. In fact, the complaint indicates a lack of any distinction. This is also true with regard to the alleged acts of mail and wire fraud wherein plaintiffs were allegedly mailed confirmation notices or telephoned regarding investments made from their accounts.

In *Atkinson v. Anadarko Bank & Trust Company, supra,* the Fifth Circuit affirmed a judgment notwithstanding the verdict on the ground that the plaintiffs failed to establish the existence of an enterprise that was separate and distinct from the racketeering activity. The jury had found that a bank, its holding company and three bank employees violated RICO by mailing fraudulent loan statements requesting excessive interest. The Fifth Circuit held:

> Plaintiffs wholly failed to establish the existence of any entity separate and apart from the bank.... The mailing of loan statements was an activity of the bank. There was no evidence of any other activity on the part of the alleged enterprise.

808 F.2d at 441.

Though the plaintiffs in *Anadarko* were afforded an opportunity to present evidence, the holding in *Montesano, supra,* establishes that, at a minimum, plaintiffs must set forth specific facts outlining the enterprise. *Anadarko* simply teaches that where the overt acts and alleged racketeering activity involve actions which constitute a routine function of the enterprise which, in and of itself, is legal, the specificity required by *Montesano* and Fed.R.Civ.P. 9(b) imposes upon a plaintiff the burden of alleging in the complaint precisely how the person and the alleged racketeering activity have an ascertainable structure distinct from that inherent in the conduct of the enterprise. A similar result was reached an *Arnette v. Bankers Trust Company of Louisiana,* No. 87–1190 (E.D.La. Nov. 20, 1987) (available on WESTLAW, 1987 WL 25135).

In *Arnette,* the defendants were three banks, allegedly under common ownership, and two bank officers. The plaintiffs alleged that the defendants participated in a scheme to fraudulently induce investors to purchase bank stock and to arrange loans and lines of credit under false pretenses. The district court afforded plaintiffs an opportunity to amend their original complaint in order to comply with Fed.R.Civ.P. 9(b) by "setting forth specific facts which establish the existence of an enterprise." In dismissing plaintiffs' amended complaint, the district court held:

> The amended complaint does not set forth any facts which support the conclusion that there was an organizational structure linking the defendants ... or an ongoing organization, with associates functioning as a continuing unit.... Plaintiffs' conclusory assertion that the enterprise as an ongoing organization, with associates functioning as a continuing unit; a consensual or hierarchical structure for group decision making; a common or shared purpose, and continuity of structure and personnel merely parrots the *Shaffer* [*Shaffer v. Williams,* 794 F.2d 1030, 1032 (5th Cir.1986) ] criteria. Plaintiff has failed to plead facts to establish the existence of an enterprise.

Accordingly, plaintiffs' inadequacies in its pleadings warrant dismissal, not only for noncompliance with Fed.R.Civ.P. 9(b) for failure to state a cognizable RICO claim as required by the holdings in *Montesano, Anadarko* and *Bishop, supra.*

### THE STATUTE OF LIMITATIONS

As an alternate ground for summary judgment, defendants contend that the majority of predicate acts asserted by plaintiffs is time-barred. The Supreme Court in *Agency Holding Corp. v. O'Malley–Duff & Associates, supra,* held that RICO claims are governed by the four-year statute of limitations found in the Clayton Act. 107 S.Ct. at 2767. The statutory period begins to run when a plaintiff knows or, through the exercise of reasonable diligence, should have known of the injury that underlies its cause of action. *Pocahontas Supreme Coal Co. v. Bethlehem Steel,* 828 F.2d 211, 220 (4th Cir.1987); *LaPorte Construction Company, Inc. v.*

*Bayshore National Bank,* 805 F.2d 1254, 1256 (5th Cir.1986). "The knowledge, whether actual or constructive, which an aggrieved party must have for the purpose of the commencing of the running of a statute of limitations is merely that of 'the facts forming the basis of his cause of action,' ... not that of the existence of the cause of action itself." *Vigman v. Community National Bank & Trust Company,* 635 F.2d 455, 459 (5th Cir.1981) (citation omitted).

■ Plaintiffs argue that the date of the last predicate act should govern for purposes of determining when the statute of limitations begins to run. The United States Court of Appeals for the Eleventh Circuit was presented with a similar argument in *Bowling v. Founders Title Company,* 773 F.2d 1175, 1178 (11th Cir.1985):

> Here, the district court instructed the jury that the statute began to run after the commission of the last predicate act (mail fraud or wire fraud)—and thus, the jury found that none of the claims of the three plaintiffs was barred. *Founders* [defendant] argues, on the contrary, that a RICO claim accrues when the plaintiff either knows or should know that he or she has sustained an injury.
>
> We agree with *Founders* .... This is consistent with our practice in related fraud and securities cases.

*Citing, inter alia, Vigman v. Community National Bank & Trust Company, supra.*

According to the complaint, plaintiffs were aware of each transaction in their accounts with Edwards upon their receipt of the confirmation slip for the particular transaction. The uncontested affidavit of an Edwards representative, Virgil Clubbs, establishes that a confirmation slip was mailed through first class mail to the plaintiff in whose name the trade was made following the close of business day of the trade. Thus, plaintiffs were immediately put on notice regarding the amount and nature of trading that occurred in their accounts with Edwards promptly after the transactions. Hence, plaintiffs were made aware of "the facts forming the basis" of their cause of action, thereby commencing

the running of the statute of limitations, on or about the date of the investment. *See, Holtzman v. Proctor, Cook & Co., Inc.,* 528 F.Supp. 9, 14 (D.Mass.1981) (customers of stock brokerage firm had knowledge of alleged fraudulent activities for purposes of statute of limitations upon receipt of confirmation slips despite customers' failure to compare slips with monthly statements). The complaints setting forth the RICO allegations for the first time were filed on October 21, 1985, and October 25, 1985. These dates must be utilized in determining the timeliness of plaintiffs' allegations since the initial complaint contained only a securities act claim which was later determined to be time barred. *Summit Office Park, Inc. v. U.S. Steel Corp.,* 639 F.2d 1278, 1282–84 (5th Cir.1981). Accordingly, plaintiff's RICO claims for each predicate act allegedly committed by the defendants more than four years prior to the time the plaintiffs filed their first amending and superseding complaints, October 21, 1985, for J. Davis, and October 25, 1985, for P. Davis, are barred by the four-year statute of limitations established in *O'Malley–Duff, supra.*

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), the Supreme Court held:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Since plaintiffs' basis for federal jurisdiction has failed, the court will dismiss plaintiffs' state claims for breach of contract and unjust enrichment without prejudice for lack of subject matter jurisdiction. The defendants' motion to dismiss for failure to prosecute is hereby rendered moot.

An order consistent with the terms of this memorandum ruling shall issue herewith.

## ORDER

For the reasons assigned in the foregoing memorandum ruling,

IT IS ORDERED that plaintiffs be GRANTED leave of court to file a second amending and superseding complaint;

IT IS FURTHER ORDERED that plaintiffs' RICO claim be DISMISSED;

IT IS FURTHER ORDERED that plaintiffs' remaining state claims for breach of contract and unjust enrichment are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

IT IS FURTHER ORDERED that defendants' motion to dismiss pursuant to Fed.R.Civ.P. 41(b) is MOOT.