**Jean SCHAEFFER, et al.,**

v.

**ASCENSION COLLEGE, INC., et al.**

Civil Action No. 96–3427–B–M1.

United States District Court,
M.D. Louisiana.

May 16, 1997.

Ernest N. Souhlas, Souhlas Law Firm, Covington, LA, for plaintiffs.

R. Ryland Percy, III, Percy, Pujol, O'Brien and Wiley, Gonzales, LA, for defendant.

1. 18 U.S.C. § 1961, et seq.

## RULING ON MOTION TO DISMISS FILED BY ASCENSION COLLEGE, INC.

POLOZOLA, District Judge.

This matter is before the Court on motion to dismiss plaintiffs' original and amended complaint with prejudice pursuant to Rule 12(b)(1), 12(b)(6), and Rule 9(b) filed by Ascension College, Inc. ("ACI"). For reasons which follow, the Court finds plaintiffs' failed to properly plead fraud pursuant to Rule 9(b). However, instead of dismissing the suit, the Court will grant plaintiffs 30 days from the date of this order to properly amend and file an amended complaint and an amended RICO Case Statement which shall be prepared in accordance with this ruling. If plaintiffs do not timely and properly file an amended complaint and amended RICO Case Statement in conformity with the principles outlined in this ruling, plaintiffs' claims against ACI will be dismissed pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 9(b) with prejudice.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their original complaint on August 29, 1996 alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] On September 20, 1996, plaintiffs filed a RICO Case Statement which the Court considers to be part and parcel of plaintiffs' complaint. On October 8, 1996, ACI filed a motion to dismiss with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and alternatively, for failure to plead fraud particularly as required by Rule 9(b). On November 25, 1996, the Court issued an order directing plaintiffs to amend their complaint within 20 days to more particularly plead fraud in compliance with Rule 9(b). Plaintiffs filed their amended complaint on December 13, 1996. On December 24, 1996, ACI filed a second motion to dismiss with prejudice pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 9(b).

Because the Court is basing its current ruling on Rule 9(b), the Court will delay

ruling on defendant's motion to dismiss until after plaintiffs have timely and properly amended their complaint and their RICO Case Statement. The Court hereby serves notice on plaintiffs that the Court will not grant plaintiffs another opportunity to properly amend their complaint. The Court believes this ruling should adequately set forth the deficiencies in the complaint. Plaintiffs' failure to timely and properly file an amended complaint and Rico Case Statement will result in dismissal of the RICO claim. The Court will also set forth the legal principles underlying the Rule 9(b) requirement that fraud be pled with particularity. The Rule 9(b) fraud analysis is included in the Court's discussion of the "pattern of racketeering activity" element of a RICO claim.

## ANALYSIS

### 1. Pleading RICO Claims

Plaintiffs have asserted RICO claims premised on § 1962(a) and § 1962(c). "In order to state a claim under 18 U.S.C. § 1962, a plaintiff must allege: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." [2] The Court will discuss the requirements of each of these factors as they pertain to the claims asserted under § 1962(a) and § 1962(c), and whether plaintiffs' complaint and RICO Case Statement sufficiently pleads each factor.

#### a. Conduct

"Conduct embodies the requirements of one or more of the four substantive RICO violations set out in § 1962. Each contemplates a different relationship through which the defendant used racketeering ac-

tivity to act upon or toward an enterprise. Accordingly, the elements required to state a claim vary according to the particular RICO claim asserted." [3]

#### 1. § 1962(a)—Pleading "Conduct"

■ Defendants argue plaintiffs have failed to properly plead the "conduct" factor for their claim under § 1962(a). Under § 1962(a), plaintiffs must articulate that a particular defendant used or invested income derived from a "pattern of racketeering activity," [4] and that some part of that income was used in acquiring an interest in or operating the enterprise.[5] In addition, plaintiffs must plead a RICO injury—that is—an injury that "flow[s] from the use or investment of racketeering income." [6]

Plaintiffs allege in the pleadings now before the Court that ACI "makes its profits from tuition and fees obtained from the students by them through student loans." [7] In addition, plaintiffs assert that ACI received the income from a "pattern of racketeering activity," [8] and that the income was used to operate "[t]he facilities and services of the enterprise [in order] to make possible the racketeering activity." [9] Thus, the Court finds plaintiffs have properly pled that ACI used income derived from a "pattern of racketeering activity" to operate an "enterprise." [10]

In their attempt to plead a RICO injury, plaintiffs allege they suffered direct injury from the predicate acts because they incurred "substantial debt in the form of student loans for educational services ..."— educational services which the plaintiffs claim

**2.** *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–98, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)).

**3.** *Elliott*, 867 F.2d at 881.

**4.** For the purposes of the discussion of "conduct," the Court will assume a "pattern of racketeering activity" exists. The Court will discuss infra whether plaintiffs have properly plead the existence of a "pattern of racketeering activity."

**5.** See *Elliott*, 867 F.2d at 880–81; Pattern Jury Instructions, Committee on Pattern Jury Instruc-

tions District Judges Association Fifth Circuit, § 8.1, p. 83 (1996).

**6.** *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 584 (5th Cir.1992).

**7.** RICO Case Statement, No. 9.

**8.** RICO Case Statement, No. 11(a).

**9.** RICO Case Statement, No. 11(b).

**10.** Plaintiffs assert that ACI is the "enterprise." (See infra.)

they did not receive.[11] Plaintiffs allege they were injured because they signed and were obligated to pay student loans in order to facilitate enrollment in ACI. Plaintiffs further claim that ACI represented that it was an accredited institution with instructors proficient in their fields of study. Plaintiffs allege that because of defendants' actions, they did not receive the promised education and were forced to repay loans for educational services not rendered. Plaintiffs contend these injuries were caused by ACI's use of the income, partly derived from the student loans obtained by plaintiffs, in conducting the affairs of ACI.[12] Plaintiffs contend the proceeds of these student loans were obtained by ACI through the use of the mails. Thus, plaintiffs have properly pled a RICO injury by alleging their injury was caused by the use of racketeering income.

Based on the above, plaintiffs have sufficiently pled the "conduct" element of a claim under § 1962(a) of RICO.

### 2. § 1962(c)—Pleading "Conduct"

■ Plaintiffs have also filed a claim under § 1962(c). Under § 1962(c), plaintiffs must plead that "the defendant was employed by or associated with the alleged enterprise; that the defendant knowingly and willfully conducted or participated, directly, or indirectly, in the conduct of the affairs of the alleged enterprise; and that the defendant did so knowingly and willfully through a pattern of racketeering activity."[13] In addition, the compensable injury to plaintiffs must stem from a violation of § 1962(c). (i.e., There must be a RICO injury.)[14]

Since the defendant must be employed or associated with the alleged enterprise under § 1962(c), "the RICO 'person' must be distinct from the RICO 'enterprise.'"[15] Plaintiffs admit that ACI "is the only known defendant," and that "[o]thers are unknown agents and representatives of the [d]efendant whose correct name will be identified when known."[16] Plaintiffs also state ACI "is the only known defendant at this time and it is alleged that it is the perpetrators."[17] Since plaintiffs have failed to allege a RICO "person" which is distinct from the RICO "enterprise," plaintiffs have failed to properly plead a claim under § 1962(c). Pleading the existence of fictitious defendants does not satisfy this requirement.

### 3. Conclusion—Pleading "Conduct"

The Court concludes plaintiffs have properly pled "conduct" for a claim based on § 1962(a); however, plaintiffs have not properly pled "conduct" for a claim based on § 1962(c) because plaintiffs have not alleged a RICO "person" which is separate and distinct from the alleged RICO "enterprise."

### b. Enterprise

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise."[18] "A RICO 'enterprise' can be either a legal entity or an 'association in fact' enterprise."[19] "The enterprise must be 'an entity separate and apart from the pattern of activity in which it engages.'"[20] "If a defendant is a legal entity, the plaintiffs must do more than merely establish that the corporation, through its agents, committed the predicate acts in the conduct of its own business."[21] Plaintiffs must also allege the "enterprise" engaged in, or the activities of the "enter-

---

11. RICO Case Statement, No. 15.

12. RICO Case Statement, No. 16.

13. Pattern Jury Instructions, Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, § 8.1, p. 90 (1996).

14. Parker & Parsley, 972 F.2d at 584.

15. In re Burzynski, 989 F.2d 733, 743 (5th Cir. 1993) (citing Bishop v. Corbitt Marine Ways, Inc., 802 F.2d 122, 123 (5th Cir.1986)).

16. RICO Case Statement, No. 6(d).

17. RICO Case Statement No. 11(f).

18. Elliott, 867 F.2d at 881 (citations omitted.)

19. Burzynski, 989 F.2d at 743.

20. Elliott, 867 F.2d at 881 (citations omitted.)

21. Elliott, 867 F.2d at 881 (citations omitted.)

prise" affect, interstate or foreign commerce.[22]

### 1. *1962(a)—Pleading "Enterprise"*

▮ In this case, ACI is a legal entity and is alleged to be the "enterprise." Plaintiffs have not alleged an "association in fact" enterprise. Thus, under the pleadings now filed in this case, the defendant and the "enterprise" are the same.[23] The defect in the plaintiffs' complaint regarding "enterprise" results from the fact that plaintiffs have not alleged that the "enterprise" and the "pattern of racketeering activity" are separate and apart from each other. In fact, plaintiffs state that "the pattern of racketeering and the enterprise have merged into one entity and have established a pattern of continuity."[24]

### 2. *§ 1962(c)—Pleading "Enterprise"*

As stated above, under § 1962(c), "the RICO 'person' must be distinct from the RICO 'enterprise.' "[25] Since ACI is both the RICO "person" (i.e., the defendant) and the RICO "enterprise," defendants have failed to properly plead this element.

### 3. *Conclusion—Pleading "Enterprise"*

In summary, plaintiffs have failed to properly plead "enterprise" under § 1962(a) because plaintiffs have not distinguished the "enterprise" from the "pattern of racketeering activity." In addition, plaintiffs have failed to properly plead "enterprise" under § 1962(c) because plaintiffs have failed to distinguish between the RICO "person" and the RICO "enterprise."

### c. *Pattern of Racketeering Activity*

### 1. *§ 1962(a) and (c)—Pleading "Pattern of Racketeering Activity"*

"To prove a 'pattern of racketeering activity' under § 1962(a) and (c), [plaintiffs must] prove 'at least two acts of racketeering activity, ... the last of which occurred within ten years ... after the commission of a prior act of racketeering activity.' "[26] The Fifth Circuit in *Word of Faith World Outreach Center Church v. Sawyer*[27] summarized the principles which must be followed when pleading a "pattern of racketeering activity" as follows:

> To establish a pattern of racketeering activity, ... [plaintiffs] 'must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'[28] The element of relatedness is established if the acts have the 'same or similar purposes, results, participants, victims or methods of commission.'[29] To establish continuity, plaintiffs must prove 'continuity of racketeering activity, or its threat.'[30] This may be shown by either a closed period of repeated conduct, or an open-ended period of conduct that 'by its nature projects into the future with a threat of repetition.'[31]

▮ The predicate act alleged by plaintiffs is mail fraud. Therefore, plaintiffs must further comply with Rule 9(b) which requires particularity in pleading the "circumstances constituting fraud." "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

22. § 1962(a) and (c).

23. "[U]nder § 1962(a) and (b), 'enterprise' and 'person' may be the same and need not be separate and distinct." Pattern Jury Instructions, Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, § 8.1, pp. 89–90, n. 1 (1996) (citations omitted.)

24. RICO Case Statement, No. 7.

25. *Burzynski*, 989 F.2d at 743 (citing *Bishop*, 802 F.2d at 123).

26. *Heller Financial v. Grammco Computer Sales*, 71 F.3d 518, 523 (5th Cir.1996).

27. 90 F.3d 118 (5th Cir.1996).

28. *Sawyer*, 90 F.3d at 122 (quoting *H.J. Inc. v. Northwestern Bell Telephone, Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989)).

29. *Sawyer*, 90 F.3d at 122 (quoting *Northwestern Bell*, 492 U.S. at 240, 109 S.Ct. at 2901).

30. *Sawyer*, 90 F.3d at 122 (quoting *Northwestern Bell*, 492 U.S. at 241, 109 S.Ct. at 2902).

31. *Sawyer*, 90 F.3d at 122 (quoting *Northwestern Bell*, 492 U.S. at 241, 109 S.Ct. at 2902).

what he obtained thereby." [32]   Rule 9(b) does allow "[a]llegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive" to be made generally.[33]

In this case, plaintiffs have alleged that ACI committed the predicate act of mail fraud by using "the U.S. Postal Service to deliver these student loan applications to the various lending institutions." [34]   Plaintiffs also refers to another statute which is allegedly a RICO predicate offense dealing with bank fraud, but plaintiffs do not provide the statutory citation in their pleadings.  Since plaintiffs have pled fraud, plaintiffs must plead specifically and with particularity how ACI has violated the elements of the mail fraud statute and the other non-cited statute which appears to deal with bank fraud. Since plaintiffs have failed to plead how ACI has committed fraud with particularity, they have failed to comply with Rule 9(b).

With regard to the other requirements for pleading a "pattern or racketeering activity," plaintiffs have failed to plead two acts of racketeering activity within the last ten years.  Plaintiffs have generally plead that the listed plaintiffs all incurred student loans, and that ACI applied for these loans and received the proceeds of these loans through the mails.  However, this general statement is not enough.  Plaintiffs must particularly plead the time, date, place, and contents of the items placed in the mails that constitute the predicate acts.  The same requirement of specificity applies to the allegations of bank fraud.

In order to satisfy the requirement of the "continuity of the racketeering activity, or its threat," it seems that plaintiffs have alleged the "pattern of racketeering activity" occurred in a open-ended period.  "An open period of conduct involves the establishment of 'threat of continued racketeering activity.' This may be shown where there exists a 'a specific threat of repetition extending indefinitely into the future,' or 'where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business.' " [35]   Plaintiffs' assert the "loans received from the federal lending institutions provide monetary stability to the entity, which is the regular and daily way of doing business." [36]   This allegation, combined with the discussion of the following, satisfies the requirement of the threat of continuity to future potential victims: (1) ACI targets students in need of financial aid for recruiting; (2) ACI allegedly alters the student financial aid applications in order to receive a greater amount than the tuition quoted in the course catalog; (3) the students were not provided with the bargained for education; and (4) these acts of the defendants have the same or similar purposes, results, participants, victims, and/or methods of commission.[37]

2. *Conclusion—Pleading "Pattern of Racketeering Activity"*

In conclusion, although plaintiffs have properly pled the "continuity" requirement, plaintiffs have not properly pled a "pattern of racketeering activity."  First, plaintiffs have failed to properly pled the racketeering activity (predicate offense) by listing the elements of the predicate offense and explaining specifically how ACI violated the statute.  Second, plaintiffs have failed to specifically plead two acts of racketeering activity in the last ten years.  Third, plaintiffs have not complied with Rule 9(b) by failing to plead mail fraud and bank fraud with particularity.  Finally, plaintiffs have failed to distinguish between the "pattern of racketeering activity" and the "enterprise."

3. *Conclusion*

The Court has exhaustively detailed the deficiencies in plaintiffs' complaint to give

---

**32.** *Tel–Phonic Services, Inc. v. TBS Intern., Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1297 at 590 (1990); see *Keith v. Stoelting, Inc.,* 915 F.2d 996, 1000 (5th Cir.1990)).

**33.** *Tel–Phonic,* 975 F.2d at 1139.

**34.** RICO Case Statement, No. 5(a).  See elements of mail fraud at 18 U.S.C. § 1341.

**35.** *Sawyer,* 90 F.3d at 122 (citations omitted.)

**36.** RICO Case Statement, No. 8.

**37.** RICO Case Statement, No. 5(g).

plaintiffs an opportunity to properly plead their case. Having done so, the Court will not again summarize the list of deficiencies here. Plaintiffs would be well served to read the Pattern Jury Instructions, Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, § 8.1 (1996) and the cases cited herein in order to properly amend their complaint against ACI.

Therefore:

IT IS ORDERED THAT plaintiffs shall have 30 days from the date of this order to amend their complaint and amend their RICO Case Statement in conformance with the principles outlined above. If plaintiffs do not timely and properly amend their complaint and RICO Case Statement, the Court shall dismiss plaintiffs' complaint.