**Margurett Gwen TAYLOR, Individually and as Legal Heir and Beneficiary of Steven Craig Palmer, Plaintiff,**

v.

**DALLAS COUNTY HOSPITAL DISTRICT d/b/a Parkland Memorial Hospital and Charles Cobb, M.D., Defendants.**

**Civil Action No. 3:95–CV–2854–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 28, 1996.

See also, 959 F.Supp. 373.

Jack Leslie Paris, Jr., Greenville, TX, for Plaintiff.

Winston L. Borum, Burford & Ryburn, Dallas, TX, for Defendants.

**438**

## MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendant, Dallas County Hospital District, d/b/a Parkland Memorial Hospital ("Parkland"), to dismiss certain claims against it pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is granted.

### I. BACKGROUND

The plaintiff Margurett Gwen Taylor ("Taylor"), individually and as legal heir and beneficiary of Steven Craig Palmer ("Palmer"), alleges in her complaint that Palmer was not given proper emergency medical care at Parkland. Specifically, Taylor asserts claims for professional negligence and violation of the Emergency Medical Treatment and Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Complaint ¶¶ 14–26. In addition to actual damages, Taylor asserts a claim for EMTALA penalties, as well as exemplary and punitive damages. *Id.* ¶¶ 43, 47, 49. In response to these allegations, Parkland contends that Taylor has failed to state a claim on which relief can be granted for (1) EMTALA civil money penalties, (2) and/or exemplary/punitive damages. This court agrees.

### II. ANALYSIS

#### A. Standards Applicable to Motion to Dismiss

A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir.1994). The court must accept as true all well-pleaded facts in the complaint and construe the complaint liberally in favor of the plaintiff. *Norman v. Apache Corporation,* 19 F.3d 1017, 1021 (5th Cir.1994). The court should also give a plaintiff the opportunity to amend her complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985); *see also Dussouy v. Gulf Coast Investment Corporation,* 660 F.2d 594, 597–99 (5th Cir.1981).

#### B. Taylor's Allegations in This Case

■ The court interprets Taylor's prayer for "the maximum penalties provided under *Consolidated Omnibus Budget Reconciliation Act* 42 U.S.C. Sec. 1395dd (1992)," Complaint ¶ 47, to be a claim for civil money penalties under 42 U.S.C. § 1395dd(d)(1). However, such civil penalties are not recoverable in an action brought by a private individual such as Taylor. *Deberry v. Sherman Hospital Association,* 775 F.Supp. 1159, 1162 (N.D.Ill.1991) ("We find no grounds to read into § 1395dd(d)(1) a private cause of action"); *Lane v. Calhoun–Liberty County Hospital Association Inc.,* 846 F.Supp. 1543, 1552 (N.D.Fla.1994) ("Plaintiff ... has no authority to collect the civil monetary penalties provided for in subsection (d)(1). Instead, only the federal government ... may enforce these penalties."). Accordingly, Taylor's claim for civil money penalties under EMTALA must be dismissed.

■ Taylor's claim for exemplary/punitive damages fails as well. Parkland is a governmental unit and, under Texas law, exemplar/punitive damages are not recoverable against a unit of government. As a governmental unit, Parkland is immune from civil suit except to the extent sovereign immunity has been waived by the Texas Legislature. *Kassen v. Hatley,* 887 S.W.2d 4, 13 (Tex. 1994). The Texas Legislature has created a limited waiver of sovereign immunity by enacting the Texas Tort Claims Act. Tex. Civ. Prac. & Rem.Codes § 101.021 *et. seq.* (Vernon 1986). The Act, however, specifically provides that it "... does not authorize exemplary damages." *Id.* § 101.024. Since a plaintiff's recovery under EMTALA is limited to "... those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate," 42 U.S.C. § 1395dd(d)(2)(A), the court concludes that Taylor cannot establish a claim against Parkland for exemplary/punitive damages under Texas law or EMTALA. Accordingly, Taylor's claim for these damages is dismissed.

### III.  *CONCLUSION*

Based on the above analysis, the court finds that Taylor has failed to state a claim against Parkland on which relief can be granted for (1) EMTALA civil money penalties or (2) exemplary/punitive damages.  Accordingly, these claims are **DISMISSED**.

**SO ORDERED**.