834 So.2d 1114 (2002)
STATE of Louisiana, THROUGH DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
Timoth R. TODD, et al.
No. 01-0374.
Court of Appeal of Louisiana, Third Circuit.
December 4, 2002.
Rehearing Denied February 12, 2003.
*1115 Lawrence E. Marino, Oats & Hudson, Lafayette, LA, for Plaintiff/Appellant. State of Louisiana, Through Department of Transportation & Development.
Brent G. Sonnier, Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, for Defendants/Appellees, Timoth R. Todd, Pat S. Todd, Thomas Anselmi, and J.C. LaCaze.
Dawn M. Fuqua, Mangham, Hardy & Stevens, Lafayette, LA, for Defendant/Appellee, Phillips Petroleum Company.
*1116 Court comprised of HENRY L. YELVERTON, OSWALD A. DECUIR, JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
PETERS, J.
The State of Louisiana, Through the Department of Transportation and Development (DOTD), brought this action against a number of defendants to recover certain expenses it incurred in removing contaminated soil and ground water on immovable property located in Natchitoches Parish, Louisiana. DOTD appeals the trial court's grant of exceptions of no cause of action and prescription in favor of defendants Timoth R. Todd, Pat S. Todd, Thomas Anselmi, and J.C. LaCaze.

DISCUSSION OF THE RECORD
The facts giving rise to this litigation are not in dispute. In April of 1989, DOTD expropriated immovable property in Natchitoches Parish, Louisiana, for use in developing Louisiana Highway 1. A service station had been located on one of the tracts, and beneath the surface were several underground storage tanks. Excavation of these underground tanks in April of 1993 revealed that leakage from the tanks had occurred, resulting in gasoline contamination of the adjacent soil and groundwater. Because tests taken at the direction of the Louisiana Department of Environmental Quality (DEQ) revealed the existence of a number of chemicals at levels greater than allowed by DEQ, it required DOTD to remediate the site by removing the contaminated soil and ground water.
After DOTD took the steps necessary to meet DEQ requirements, it brought this action against Timoth R. Todd, Pat S. Todd, Thomas Anselmi, Vernice Wright, J.C. LaCaze, Dwayne Brossett, and Phillips Petroleum Company, prior owners of the property,[1] in an effort to recoup its expenses associated with the site remediation. This appeal arises from the trial court's grant of exceptions of no cause of action and prescription filed by Timoth R. Todd, Pat S. Todd, Thomas Anselmi, and J.C. LaCaze. In its appeal, DOTD raises five assignments of error. The first four assignments of error relate to the grant of the exception of prescription, and the fifth assignment of error relates to the grant of the exception of no cause of action on an indemnity claim. To dispose of this appeal, we need consider only the fifth assignment of error.

OPINION
The trial court granted the defendants' exception of no cause of action, concluding that DOTD did not state a cause of action for indemnification under an unjust enrichment theory. The peremptory exception of no cause of action is provided for in La.Code Civ.P. art. 927(A)(4) and presents the appellate court with a question of law which we review de novo. Jones v. Tezeno, 99-1693 (La.App. 3 Cir. 3/1/00), 758 So.2d 896. Its purpose is to test the legal sufficiency of a plaintiff's petition by determining whether the plaintiff has a remedy in law based on the facts alleged. Everything on Wheels Subaru, *1117 Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993).
No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail.
Jones, 758 So.2d at 899 (citations omitted).
Thus, the inquiry on appeal is whether DOTD alleged facts in its petition under which Louisiana law would afford it a remedy, and not whether DOTD could prevail at trial.
In its pleadings, DOTD asserts that, pursuant to its obligation to construct and maintain Louisiana highways, it expropriated the property at issue and the defendants were either the owners at the time of expropriation or prior owners of the property. DOTD further asserts that "a gasoline or petroleum product storage, sales, and distribution facility, a retail gasoline or service station, and/or a quick-stop or convenience store or market" was being operated on the property at the time of the expropriation. In conjunction with the business, according to DOTD's pleadings, there existed "USTs, pumps, distribution islands, underground piping, and pits" on the property. Additionally, DOTD asserts that all ancestors in title to the property were involved in operating a gasoline or service station at the location and contributed to the hazardous situation remediated at the insistence of DEQ.
In its pleadings, DOTD asserts that when work began on the premises, the contractor encountered soil that appeared to be contaminated. DEQ required that tests be performed, and these tests confirmed soil contamination. DOTD and the contractor then developed and implemented a remediation plan approved by DEQ. The cost of the development and implementation of this plan is the subject of this litigation. In its pleadings, DOTD alleges a cause of action under La.R.S. 48:276(B) as well as under the principles of general indemnity for unjust enrichment. The trial court concluded that La.R.S. 48:276, which became law in 1995,[2] could not be applied retroactively. This ruling has not been challenged on appeal. Thus, we are required to evaluate only whether DOTD stated a cause of action for indemnity for unjust enrichment.
An indemnity claim is a quasi-contractual obligation based on the equitable principle that "where there is an unjust enrichment of one at the expense or impoverishment of another, then the value of that enrichment or else, in some cases, the amount of the impoverishment must be restituted." Minyard v. Curtis Prods., Inc., 251 La. 624, 650, 205 So.2d 422, 432 (1967). In Nassif v. Sunrise Homes, Inc., 98-3193, pp. 2-3 (La.6/29/99), 739 So.2d 183, 185, the supreme court stated the following concerning the action for indemnity:
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. Black's Law Dictionary 769 (6th ed.1990); 42 C.J.S. Indemnity § 2 (1991). It is based on the principle that everyone is responsible for his own *1118 wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S. Indemnity at § 32. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. Id. at § 29. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. Bewley Furniture Co., Inc. v. Maryland Cas. Co., 285 So.2d 216, 219 (La.1973). Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity. Id.
An indemnity claim based on unjust enrichment principles is recognized "to fill a gap in the law where no express remedy is provided." Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1 Cir.), writ denied, 526 So.2d 1112 (La.1988). In such a claim, the plaintiff has the burden of proving five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) a lack of another remedy at law for the plaintiff. Baker v. Maclay Props. Co., 94-1529 (La.1/17/95), 648 So.2d 888.
In considering these five elements to the equitable principle of indemnity, we must resort "to justice, reason, and prevailing usages." La.Civ.Code art. 4. When we do so, DOTD's cause of action fails on the first element of proof, that of enrichment. The transaction wherein DOTD became the owner of the property at issue was not a "sale," but rather a "taking." DOTD deposited into the registry of the trial court the value of the property as established by its experts hired for the specific purpose of establishing the property's value.
Concerning property expropriated for highway purposes, La.R.S. 48:453(A) provides that "[t]he measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court, without considering any change in value caused by the proposed improvement for which the property is taken." (Emphasis added.) In other words, an increase or decrease in value of the property expropriated for DOTD's use is not to be considered in establishing the measure of compensation paid to the landowners. Additionally, La.R.S. 48:453(C) provides that "[t]he owner shall be compensated to the full extent of his loss." (Emphasis added.)
In the matter before us, remediation was made necessary by DOTD's subsequent use of the expropriated property. Just as the landowner would not have been able to claim compensation for any increase in value of the property based on DOTD's use, DOTD cannot claim reimbursement because its use caused the property to lose value. Accepting DOTD's argument could lead to a result not intended by the expropriation concept. If a situation were to arise where the cost of the remediation exceeded the amount paid the landowner in the expropriation proceedings, the landowner would effectively have to pay DOTD for having his property expropriated.
Because the well-pleaded facts of DOTD's petition do not state a cause of action for indemnity for unjust enrichment, we find no error in the trial court's grant *1119 of the exception of no cause of action. Therefore, we find no merit in this assignment of error. This conclusion dispenses with the necessity of considering the other assignments of error.

DISPOSITION
We affirm the trial court's grant of the exception of no cause of action. We assess all costs of this appeal to the State of Louisiana, Department of Transportation and Development, to the extent allowed by law.
AFFIRMED.
GREMILLION, J., dissents and assigns reasons.
PICKETT, J., dissents for the reasons assigned by Judge GREMILLION.
GREMILLION, J., dissenting.
I respectfully dissent from the majority decision affirming the trial court grant of the exception of no cause of action. Accepting the well pleaded facts of the petition as true, I would find that DOTD has alleged sufficient facts to establish a cause of action for indemnity based on unjust enrichment. DOTD, as required by DEQ, was impoverished by remediating the damage to the site caused by the leakage from the USTs owned by the previous property owners. The property owners were obviously enriched since they were relieved of the obligation to pay for the remediation and there was a causal connection between their enrichment and DOTD's impoverishment. The facts of the petition further establish that there was an absence of cause or justification for the enrichment or impoverishment. There was no valid juridical act between the property owners and DOTD which would justify its impoverishment. Finally, DOTD has no other remedy at law which would allow it to recoup the amounts expended on the remediation.
Finally, I respectfully disagree with the majorities' interpretation of La.R.S. 48:453(A). As stated by the majority, the statute provides the measure of compensation for expropriated property and directs that the value be assessed "without considering any change in value caused by the proposed improvement." In my opinion, the loss of value caused the property was not the proposed improvement, but existed at the time the property was expropriated. In this situation, La.R.S. 48:453(A) has no application to this case. Accordingly, I would hold that the trial court erred in finding that DOTD has failed to state a cause of action and would consider the other issues presented on appeal.
NOTES
[1] Timoth R. Todd owned the site from October 6, 1988, until its expropriation by DOTD; Pat S. Todd and Vernice Wright each owned an undivided interest in the property from April 1, 1982, until October 29, 1982; Thomas Anselmi and Dwayne Brossett each purchased an undivided interest in the property on October 29, 1982, but transferred their interests the same day; J.C. LaCaze owned the site from June 19, 1963, until April 2, 1982; and Phillips Petroleum Company owned the site from March 24, 1962, until June 19, 1963.
[2] Louisiana Revised Statutes 48:276 was added by Acts 1995, No. 1088, § 1, effective June 29, 1995.