897 So.2d 647 (2004)
COMMERCIAL UNION INSURANCE COMPANY
v.
CBC TEMPORARY STAFFING SERVICES, INC. and GAN Insurance Company.
No. 2004 CA 0854.
Court of Appeal of Louisiana, First Circuit.
November 3, 2004.
Rehearing Denied December 28, 2004.
*648 Daniel J. Balhoff, John W. Perry, Jr., Baton Rouge, for Appellant Plaintiff Commercial Union Insurance Co.
Michael V. Clegg, Baton Rouge, for Appellee Defendant R.B. Ammon & Associates, Inc.
Edwin L. Hightower, Baton Rouge, for Appellees Defendants CBC Temporary Staffing Services, Inc. and GAN Insurance Company.
Panel composed of Judges FRANK FOIL, BRADY M. FITZSIMMONS and EDWARD J. GAIDRY.
FOIL, J.
At issue in this appeal is whether an insurance company condemned to pay one-half of a damage judgment may seek indemnity or contribution from the tortfeasor's employer and its insurer, where the two insured entities were held to be a "single business enterprise" for the purposes of the underlying tort litigation. *649 The trial judge dismissed the claim, finding that the characterization of the insured businesses as members of a single business enterprise precluded any division of liability among the insurers. We reverse.

BACKGROUND
The facts forming the basis for this appeal have been largely stipulated to by the parties, and can also be found in this court's decision in Grayson v. R.B. Ammon and Associates, Inc., 99-2597 (La.App. 1 Cir. 11/3/00), 778 So.2d 1, writs denied, 00-3270, 00-3311 (La.1/26/01), 782 So.2d 1026, 1027. On July 11, 1994, Henry Grayson, Jr., an employee of Southern Scrap, was injured in a work accident when a crane, operated by Gary Knapp, released a piece of iron that struck him in the head. Gary Knapp was employed by CBC Temporary Staffing Services, Inc. (CBC), which was in the business of providing temporary laborers to various employers, including Southern Scrap. At the time of the accident, Knapp was acting within the course and scope of his employment with CBC.
Grayson and his wife filed a tort suit against Knapp, CBC and its insurer, GAN Insurance Company, along with R.B. Ammon & Associates, Inc. and its insurer, Commercial Union Insurance Company. The Graysons alleged that CBC and R.B. Ammon operated as a single business enterprise known as Temp Staffers and therefore, both entities were liable for Knapp's negligence.
Following a trial, the jury found Knapp 60% at fault and Southern Scrap 40% at fault. It also found that CBC and R.B. Ammon were operated as a single business enterprise. The jury awarded damages in the amount of $1,205,666.91.
CBC and R.B. Ammon and their insurers appealed, asserting numerous challenges, among them, the jury's designation of the companies as a single business enterprise. In discussing the evidence, this court in Grayson observed that in 1984, Richard Ammon entered into the temporary employment business, Incorporating R.B. Ammon & Associates, Inc., which operated under the trade name "Temp Staffers." At that time, R.B. Ammon supplied both clerical and labor employees. R.B. Ammon decided to separate the clerical and labor business because of the expense of worker's compensation coverage. He encouraged his nephew to form a corporation to provide temporary labor employees, and the nephew incorporated CBC Temporary Staffing Services. R.B. Ammon continued to provide only temporary clerical employees. However, the nephew soon moved away, and Richard Ammon handled the day-to-day operations of CBC. Both CBC and R.B. Ammon operated under a common trade name "Temp Staffers," both shared the same office and computer system, and all daily operations of CBC were handled by R.B. Ammon employees.
Commercial Union, which provided liability insurance to R.B. Ammon, paid $853,587.80 in satisfaction of the judgment, which represented half of the judgment plus interest. GAN paid the other half. Thereafter, Commercial Union filed this lawsuit against CBC and GAN, seeking reimbursement for the money it paid to satisfy the judgment under the theories of contribution, tort indemnity and unjust enrichment. It asserted that CBC and its insurer GAN should ultimately be liable for the judgment as there had been a judicial determination that CBC was the employer of the at-fault employee.
GAN filed exceptions of res judicata and prescription, which were denied by the trial judge. CBC and GAN also filed a third party claim against R.B. Ammon, alleging that since R.B. Ammon had the ultimate control of the single business *650 enterprise composed of R.B. Ammon and CBC, R.B. Ammon was liable to CBC and GAN for the amounts paid by GAN in satisfaction of the judgment. In response to the demand, Commercial Union filed exceptions of prescription, no cause of action and no right of action. The trial court sustained the exception of prescription. CBC and GAN appealed that ruling to this court, and the appeal was docketed as number XXXX-XXXX, also decided this day.
Thereafter, the trial judge ruled in the instant matter that Commercial Union could not assert a reimbursement claim against CBC or GAN. The judge concluded that because this court ruled there was a single business enterprise that was liable, there was no basis for contribution or indemnity between those two entities. He stressed that as a single entity, CBC and R.B. Ammon could not be "joint tortfeasors," nor could one entity be actively negligent and another only passively or derivatively negligent. Further, he concluded, one corporation could not be servant to the other. The judge then turned to the language of the insurance policies, particularly the "other insurance" clauses, finding that under both, each insurer was liable to pay 50% of the claim up to their liability limits no matter how the sharing between them is determined, and as each insurer paid 50% of the claim, the judge found no basis for Commercial Union's claims against GAN and CBC.
This appeal, challenging the dismissal of Commercial Union's reimbursement claim, followed.

DISCUSSION
Commercial Union contends that the trial court erred in its ultimate conclusion that one member of a single business enterprise could not, as a matter of law, make a claim for indemnity or contribution against another member of a single business enterprise. First, it asserts that a single business enterprise is analogous to a partnership, and therefore, R.B. Ammon should be treated as a partnership with the right under Louisiana law to reimbursement for the sums it paid from the at-fault partner, CBC, and its insurer, GAN. Commercial Union contends that R.B. Ammon was held liable solely because of its relationship as a joint venturer/partner with CBC, and therefore, under the codal provisions governing partnerships, La. Civil Code articles 2809 and 2810, CBC is obligated to reimburse the partnership.
Secondly, Commercial Union argues that it is entitled to tort indemnity, relying on a Louisiana Supreme Court case allowing a strictly liable defendant to recover full indemnity from the negligent defendant. It submits that as between CBC and R.B. Ammon, CBC, as the employer of Knapp, was the more "at fault" party. GAN, it submits, as the insurer of the primary tortfeasor, should reimburse Commercial Union under the active/passive rationale behind the principles of tort indemnity. Lastly, it submits that it should be allowed to recover its entire payout through the principles of contribution, urging that as between CBC, the employer of the negligent tortfeasor, and R.B. Ammon, CBC should have 100% liability, whereas R.B. Ammon should have 0% liability, thus entitling R.B. Ammon and its Insurer, Commercial Union, to 100% contribution from CBC.
We agree that the characterization of R.B. Ammon and CBC as members of a single business enterprise does not, in and of itself, deprive R.B. Ammon's insurer from asserting an indemnity claim against CBC and its insurer. The single business enterprise doctrine is an equitable doctrine applied to reflect partnership-type liability principles when corporations integrate their resources in operations to achieve a *651 common business purpose. Bridgestone Corporation v. Lopez, 131 S.W.3d 670 (Tex.App.-Corpus Christi 2004). Thus, when corporations represent precisely the same single interests, a court is free to disregard their separate corporate identity. Grayson v. R.B. Ammon and Associates, Inc., 99-2597 at 17, 778 So.2d at 14. In the underlying tort litigation, the single business enterprise theory was utilized in order to impose liability on R.B. Ammon for the benefit of a third party.
However, indemnity is also an equitable principle, holding that such is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility. Vaughn v. Franklin, 00-0291, p. 10 (La App. 1 Cir. 3/28/01), 785 So.2d 79, 87, writ denied, 01-1551 (La.10/5/01), 798 So.2d 969. In Nassif v. Sunrise Homes, Inc., 98-3193, pp. 2-3 (La.6/29/99), 739 So.2d 183, 185, the supreme court stated the following regarding the action for indemnity:
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortuous act caused the loss (Citations omitted).
An indemnity claim based on unjust enrichment principles has been recognized to "fill a gap in the law where no express remedy is provided." Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1 Cir.), writ denied, 526 So.2d 1112 (La.1988). To prevail on an unjust enrichment claim, the plaintiff must prove five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law. State, Department of Transportation & Development v. Todd, 01-0374, p. 4 (La.App. 3 Cir. 12/4/02), 834 So.2d 1114, 1118, writ denied, 03-0743 (La.5/30/03), 845 So.2d 1058. In short, a party seeking indemnity has the burden of proving that the loss should be shifted to another. Vaughn v. Franklin, 00-0291 at p. 10, 785 So.2d at 87.
In this case, R.B. Ammon's insurer, Commercial Union, was held to pay one-half of a judgment because of its relationship with CBC, the employer of the tortfeasor. Commercial Union claims that it provided insurance for R.B. Ammon's temporary clerical employees, while GAN insured the temporary laborers employed by CBC. As CBC was ultimately responsible for the actions of the tortfeasor, Commercial Union urges that CBC and its insurer should ultimately be responsible for paying the judgment.
CBC and GAN counter that it has never been established that CBC was actually liable for the actions of Gary Knapp, stressing that they have maintained from the outset that since R.B. Ammon completely controlled the workings of CBC, R.B. Ammon was liable for the actions and or negligence of CBC employees, and therefore, no compensation claim by R.B. Ammon against CBC can be viable.
We believe that R.B. Ammon should be given the opportunity to litigate the issue of who should ultimately bear responsibility for the debt discharged in the underlying tort litigation. We hold that the characterization of R.B. Ammon as a member of a single business enterprise does not *652 per se preclude Commercial Union's indemnity claim based on unjust enrichment against CBC and GAN, and we remand the case to the trial court to conduct a trial on the merits pertaining to this issue.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The case is remanded for proceedings consistent with this opinion. All costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.
GAIDRY, J., concurs.