897 So.2d 652 (2004)
COMMERCIAL UNION INSURANCE COMPANY
v.
CBC TEMPORARY STAFFING SERVICES, INC. and GAN Insurance Company.
No. 2003 CA 0480.
Court of Appeal of Louisiana, First Circuit.
November 3, 2004.
Daniel J. Balhoff, John W. Perry, Jr., Baton Rouge, for Appellee Plaintiff Commercial Union Insurance Co.
Edwin L. Hightower, Baton Rouge, for Appellants Defendants CBC Temporary Staffing Services, Inc. and GAN Insurance Company.
Panel composed of Judges FRANK FOIL, BRADY M. FITZSIMMONS and EDWARD J. GAIDRY.
FOIL, J.
This appeal challenges the dismissal of a reconventional demand that was filed over one year after the main demand pursuant *653 to an exception of prescription. We affirm.

BACKGROUND
The factual background for this case can be found in a companion case decided this day, Commercial Union Insurance Company v. CBC Temporary Staffing Services, Inc., 04-0854 (La.App. 1 Cir. 11/3/04), 2004 WL 2452832, 897 So.2d 647. Therein, we observed that the facts forming the basis for this appeal have been largely stipulated by the parties, and can also be found in this court's decision in Grayson v. R.B. Ammon and Associates, Inc., 99-2597 (La.App. 1 Cir. 11/3/00), 778 So.2d 1, writs denied, 00-3270, 00-3311 (La.1/26/01), 782 So.2d 1026, 1027.
On July 11, 1994, Henry Grayson, Jr., an employee of Southern Scrap, was injured in a work accident when a crane, operated by Gary Knapp, released a piece of iron that struck him in the head. Gary Knapp was employed by CBC Temporary Staffing Services, Inc. (CBC), which was in the business of providing temporary laborers to various employers, including Southern Scrap. At the time of the accident, Knapp was acting within the course and scope of his employment with CBC.
Grayson and his wife filed a tort suit against Knapp, CBC and its insurer, GAN Insurance Company, along with R.B. Ammon & Associates, Inc. and its insurer, Commercial Union Insurance Company. The Graysons alleged that CBC and R.B. Ammon operated as a single business enterprise known as Temp Staffers and therefore, both entities were liable for Knapp's negligence.
Following a trial, the jury found Knapp 60% at fault and Southern Scrap 40% at fault. It also found that CBC and R.B. Ammon were operated as a single business enterprise. The jury awarded damages in the amount of $1,205,666.91.
CBC and R.B. Ammon and their insurers appealed, asserting numerous challenges, among them, the jury's designation of the companies as a single business enterprise. In discussing the evidence, this court, in Grayson, observed that in 1984, Richard Ammon entered into the temporary employment business, incorporating R.B. Ammon & Associates, Inc., which operated under the trade name "Temp Staffers." At that time, R.B. Ammon supplied both clerical and labor employees. R.B. Ammon decided to separate the clerical and labor business because of the expense of worker's compensation coverage. He encouraged his nephew to form a corporation to provide temporary labor employees, and the nephew incorporated CBC Temporary Staffing Services. R.B. Ammon continued to provide only temporary clerical employees. However, the nephew soon moved away, and Richard Ammon handled the day-to-day operations of CBC. Both CBC and R.B. Ammon operated under a common trade name "Temp Staffers," both shared the same office and computer system, and all daily operations of CBC were handled by R.B. Ammon employees.
Commercial Union, which provided liability insurance to R.B. Ammon, paid $853,587.80 in satisfaction of the judgment, which represented half of the judgment plus interest. GAN/CBC paid the other half. Thereafter, on September 28, 2001, Commercial Union filed this lawsuit against CBC and GAN, seeking reimbursement for the money it paid to satisfy the judgment under the theories of contribution, tort indemnity and unjust enrichment. Commercial Union asserted that CBC and its insurer GAN should ultimately be liable for the judgment as there had been a judicial determination that CBC was the employer of the at-fault employee.
GAN filed exceptions of res judicata and prescription, which were denied by the *654 trial judge. On October 8, 2002, more than a year after the main demand was filed, CBC and GAN filed a reconventional demand against Commercial Union, alleging that since R.B. Ammon had the ultimate control of the single business enterprise composed of R.B. Ammon and CBC, R.B. Ammon was liable to CBC and GAN for the amounts paid by GAN in satisfaction of the judgment. In response to the demand, Commercial Union filed exceptions of prescription, no cause of action and no right of action. The trial court sustained the exception of prescription. The instant appeal involves CBC's challenge to that ruling.[1]
After dismissing CBC and GAN's claims against Commercial Union, the trial judge dismissed Commercial Union's claim, finding that it did not have a right to reimbursement from GAN or CBC. The appeal of that decision by Commercial Union was docketed in this court as 2004CA0854, also decided this day.

DISCUSSION
La.Code Civ. P. art. 1067 states that an incidental demand is not barred by prescription if it was not barred at the time the main demand was filed and is filed within ninety days of service of the main demand. Although CBC's reconventional demand was filed over a year after the filing of the main demand, CBC urges that the claim was timely because it was filed within ninety days of the date on which the trial court held a hearing on their exception of improper service. CBC submits that the reconventional demand was not filed until its other exceptions were heard due to the fact that it did not wish to take any action that would constitute an appearance and consequent waiver of its exceptions. It posits that requiring it to file its reconventional demand prior to the time of the hearing on its exceptions of insufficiency of citation and insufficiency of service of process would deny it the right to bring those exceptions. Additionally, CBC argues that since it was properly served on the date of the hearing on its exceptions, the ninety-day period provided for in La.Code Civ. P. art. 1067 should begin to run at that time.
We disagree. The declinatory exception raising the objection of insufficiency of service or lack of personal jurisdiction must be pleaded either prior to or contemporaneously with the filing of an answer or other pleadings seeking relief. La.Code Civ. P. arts. 925; 928A. The filing of the exceptions by CBC preserved its right to raise those exceptions. While the filing of a reconventional demand may have constituted a general appearance that would have waived any objections to service if the filing had occurred before the service exception was filed, it is well settled that a general appearance does not waive a pending declinatory exception. Bickham v. Sub Sea International, Inc., 617 So.2d 483 (La.1993) (holding that the defendant's filing of interrogatories and requests for production of documents after filing an exception of improper venue did not waive the pending venue exception); Hebert v. ANCO Insulation, Inc. 00-1929, p. 7 (La.App. 1 Cir. 7/31/02), 835 So.2d 483, 488, writs denied, 02-2956, 02-2959 (La.2/21/03), 837 So.2d 629 (holding that the filing of a motion for summary judgment after the filing of an exception of lack of personal jurisdiction did not waive the pending exception of personal jurisdiction). Finding no merit to CBC's argument, we conclude that the trial court properly dismissed CBC's claim, filed over one year after the main demand, pursuant to an exception of prescription.

*655 CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, CBC Temporary Staffing Services, Inc.
AFFIRMED.
NOTES
[1] The appeal was filed on behalf of CBC only.