Dwayne M. MURRAY, et al.

v.

**ROYAL ALLIANCE ASSOCIATES,**
et al.

Civil Action No. 06–617–JJB.

United States District Court,
M.D. Louisiana.

July 10, 2007.

Bernard Harris Berins, Heller, Draper, Hayde, Patrick & Horn, LLC, New Orleans, LA, Louis Jerome Stanley, Baton Rouge, LA, for Plaintiffs.

Alan H. Goodman, Lemele & Kelleher, New Orleans, LA, Thomas Mente Benjamin, Baton Rouge, LA, Kyle D. Schonekas, Joelle Flannigan Evans, Schonekas, Winsberg, Evans, & McGoey, LLC, New Orleans, LA, Joseph Charles Possa, Tyler & Possa, Baton Rouge, LA, Bryan Torrey Forman, Tyler, TX, Stephen R. Wilson, Keogh, Cox & Wilson, Ltd., Baton Rouge, LA, Collin J. Leblanc, Holly C. Hargrove, Keogh, Cox & Wilson, Ltd., Baton Rouge, LA, Joel E. Gooch, Allen & Gooch, Lafayette, LA, for Defendants.

## RULING ON MOTIONS TO DISMISS

BRADY, District Judge.

### Introduction

This case is before the court on the withdrawal of referral to the United States Bankruptcy Court for the Middle District of Louisiana of both the adversary proceeding brought by the bankruptcy trustee—Dwayne Murray—against Royal Alliance Associates ("the Trustee Proceeding"), and the adversary proceeding brought by certain investors ("the Barry Plaintiffs") in Pooled Pension Fund Management Corporation ("Pooled Pension") against Royal Alliance ("the Barry Proceeding"). Both adversary cases have proceeded as the above-entitled action.

By order entered April 5, 2007, and pursuant to the joint motion of Royal Alliance and the Barry Plaintiffs, and after arbitration of the differences between them, this court dismissed with prejudice the claims of the Barry Plaintiffs against Royal Alliance. The remaining claims, which have been asserted by the Trustee against Royal Alliance, comprise counts two, three, and four of the Trustee's adversary complaint in the Trustee Proceeding.

There are now two matters pending before the court. First, the defendant Royal Alliance Associates has filed a motion to dismiss, or alternatively for summary judgment (doc. 31). The plaintiff, Dwayne Murray—the Chapter 11 Trustee for the estate of the debtor Pooled Pension opposes the motion (doc. 42). Royal Alliance has filed a reply brief (doc. 44).

Secondly, third party defendants Elizabeth Bordelon and Dean Bordelon have filed a motion to dismiss Royal Alliance's third party complaint (doc. 30). Third party defendant Jacquelyn Bordelon Tullier joins in that motion (doc. 36). Royal Alliance has filed an opposition (doc. 43). Oral argument is unnecessary. The court's jurisdiction exists pursuant to 28 U.S.C. § 1334.

### Standard of Review

The court notes that Royal Alliance has filed a motion to dismiss under Rule 12(b)(6), or in the alternative, a motion for summary judgment under Rule 56. Therefore, it is appropriate for the court to

begin by analyzing which standard of review applies to this case. The appropriate standard of review will serve as an outline to the analysis of the pending motions.

It is a well-settled rule that under a 12(b)(6) analysis, the court "must limit [its] inquiry to the facts stated in the complaint and the documents attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996). Royal Alliance has filed certain "extraneous materials" along with its motion that are not stated in the complaint, nor attached thereto. However, "the mere submission of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir.1997); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 578 (N.D.Tex.2005). "When 'matters outside the pleadings' are submitted in support or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants the court[ ] discretion to accept and consider those materials but does not require [it] to do so." *Delhomme*, 232 F.R.D. at 578 (*citing* Rule 12(b)(6)); *see Isquith on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988) (stating that Rule 12(b)(6) gives the trial court " 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion' ")

In the case at bar, the court asserts its discretion not to accept and consider the attachments along with Royal Alliance's motion to dismiss. As will be evident *infra*, the court need not rely on the extraneous materials in ruling on the pending motions to dismiss. Accordingly, the appropriate standard of review is that under Rule 12(b)(6).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir.2003); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true, and it must also view them in a light most favorable to the nonmoving party. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995) (*quoting Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)). Finally, "[w]hile the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir.1994).

## Background Facts

With the standard of review in mind, the court now turns to the relevant complaints to obtain the pertinent factual background. Mary Lou Reifel was the sole owner and operator of Pooled Pension. She had three children, Dean Bordelon, Beth Bordelon, and Jacquelyn Bordelon (the "Bordelon Children") who at various times worked with her out of the same office. Beginning in the early to mid–1980's, investors began to place funds with Pooled Pension which were intended to provide "jumbo" home loans to individuals.

Ms. Reifel died in 2004. It was then discovered that sometime after 1995, Pooled Pension owned no mortgages or made any loans, and it had no assets. The complaint alleges that Ms. Reifel defraud-

ed various investors through false and misleading statements in connection with the sale of unregistered securities in an alleged "ponzi scheme." A ponzi scheme is generally a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original investors, whose example attracts even larger investments." BLACK'S LAW DICTIONARY, 7th ed., at 1180 (1999). The securities that were sold were investments in Pooled Pension. Ms. Reifel provided the investors with periodic statements which reflected fraudulently inflated current values of their investments, when in fact Ms. Reifel had wrongfully converted most of the invested funds for her own use. In essence, the complaint alleges that Ms. Reifel defrauded Pooled Pension's investors.

Ms. Reifel was also a registered representative with Royal Alliance beginning in November 1989. As will be seen *infra,* the Trustee makes a big deal about Ms. Reifel's association with Royal Alliance. Suffice it to say, many of the investments at issue were made prior to November 1989—when Ms. Reifel had no association with Royal Alliance, and, indeed, before Royal Alliance even existed.

On June 30, 2005, the defrauded investors, the Barry Plaintiffs, filed an action against Royal Alliance, the Barry Proceeding, and other defendants, in Louisiana state court. At that time, Pooled Pension was involved in a bankruptcy suit in federal court. Royal Alliance removed the case to this court on August 3, 2005, pursuant to 28 U.S.C. § 1334.

While the Barry Proceeding and the Trustee Proceeding were before the bankruptcy court, the bankruptcy judge addressed the issue of whether the claims relating to the losses suffered by the investors were claims that the Trustee should properly assert on behalf of the investors, or whether the claims should be asserted directly by the investors. The bankruptcy judge ruled that the investors' claims should be asserted by the investors, and he dismissed the claims of the Trustee in count one of his complaint—which purported to assert claims based on losses to the investors. The investors' claims proceeded to arbitration in December 2006.

The arbitration panel rendered a ruling in favor of certain investors on December 21, 2006. In accordance with the panel's decision, Royal Alliance fully paid all amounts due the defrauded investors. By joint motion, the investors and Royal Alliance filed a motion to dismiss the investors' claims. This court granted the motion on April 5, 2007. Consequently, the only claims remaining against Royal Alliance are the claims of the Trustee in the Trustee Proceeding in counts two, three, and four of his complaint.

### Analysis

#### A. Royal Alliance's Motion to Dismiss the Trustee's Claims

As an initial matter of law, it must be stated that "in actions brought by the trustee as successor to the debtor's interest under section 541, the 'trustee stands in the shoes of the debtor and can only assert those causes of action possessed by the debtor.'" *Official Comm. Of Unsecured Creditors v. R.F. Lafferty & Co., Inc.,* 267 F.3d 340, 356 (3d Cir.2001); *see Dallas Cabana, Inc. v. Hyatt Corp.,* 441 F.2d 865, 868 (5th Cir.1971) (stating that it is the trustee's right to prosecute all causes of action which could have been prosecuted by the bankrupt or debtor had bankruptcy not intervened); *see also In re Gibralter Res., Inc.,* 197 B.R. 246, 253 (Bankr.N.D.Tex.1996) ("[T]he general rule is that a trustee has no greater rights than the debtor and stands in the shoes of the debtor."). Consequently, the Trustee in

the case at bar can only bring a claim that Pooled Pension—being the bankrupt debtor—could have brought had bankruptcy not intervened.

Royal Alliance argues that as a matter of law, Pooled Pension could not bring the claims the Trustee makes in counts two through four of his complaint because of the doctrine of *in pari delicto*. Royal Alliance maintains that after taking the allegations in the complaint as true, there is no dispute that Pooled Pension, through Ms. Reifel, was the defrauding party, and therefore any claims against Royal Alliance vis a vis damage to Pooled Pension resulting from its own wrongdoing are brought to the court with unclean hands. The court finds the argument to have merit.

 The doctrine *of in pari delicto* has its founding as a common law defense, and it derives from the Latin, *in pari delicto potior est conditio defendentis*— " 'In a case of equal or mutual fault ... the position of the [defending] party ... is the better one.' " *Bateman Eichler v. Berner*, 472 U.S. 299, 306, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985). Two fundamental premises underlie this defense: ·(1) that courts should not lend their good offices to mediating disputes among wrongdoers; and (2) that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality. *Id.* at 306, 105 S.Ct. 2622. The Trustee's complaint references the Louisiana Securities law, so Louisiana substantive law governs these state law claims. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 84, 114 S.Ct. 2048, 129 L.Ed.2d 67(1994).

 Louisiana courts recognize the *in pari delicto* defense. *See e.g., Guillie v. Comprehensive Addiction Programs, Inc.*, 735 So.2d 775, 779 (La.Ct.App.1999) ("Generally a plaintiff is precluded from recovering when his/her claim is based on his/her own illegal or immoral acts."). In this case, the Trustee's allegations in counts two through four all center on Ms. Reifel's fraudulent activity causing injury to the debtor—Pooled Pension. Moreover, the allegations state that Ms. Reifel was the sole officer, director, and shareholder of Pooled Pension. Ms. Reifel was in fact the sole decision-maker for Pooled Pension.

 In Louisiana, " '[a]n act done by an officer or agent of a corporation as such, and in the course of his employment, is in contemplation of law the act of the corporation ...' " *Cassidy v. Holliman & Spiers*, 13 La.App. 468, 126 So. 733, 737 (1930). The court, however, has not located any controlling cases explaining a trustee's rights to bring a claim on behalf of a debtor corporation for injuries sustained as a result of fraudulent action made by the sole decision-maker of the debtor corporation. Other federal circuits have, however, examined the issue.

The courts that have examined the issue have applied the doctrine of *in pari delicto* to bar recovery where the trustee attempts to assert claims of injury to the debtor corporation arising from or relating to the fraudulent acts of the debtor corporation's sole decision-maker. *Nisselson v. Lernout*, 469 F.3d 143 (1st Cir.2006); *Official Comm. of the Unsecured Creditors of Color Tile v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147 (2d Cir.2003); *R.F. Lafferty*, 267 F.3d 340; *In re Advanced RISC Corp.*, 324 B.R. 10 (D.Mass.2005).

 This court joins the federal courts that have examined the issue at bar in holding that the Trustee in this case is precluded from bringing a claim based on damages to Pooled Pension resulting from fraud because the fraud was committed by the sole decision-maker of the debtor corporation, namely Ms. Reifel. The Trustee's claims must succumb to the doctrine

of *in pari delicto* because according to the complaint, Pooled Pension was nothing more than Ms. Reifel. The complaint alleges that Ms. Reifel's fraudulent activity caused the damages suffered by Pooled Pension. The Trustee cannot now, on behalf of Pooled Pension, bring a claim against a third party, namely Royal Alliance, to recover losses suffered as a result of Ms. Reifel's fraud. This is a clear case in which the fundamental premises underlying the *in pari delicto* doctrine are satisfied. According to the Trustee's complaint, Ms. Reifel and Pooled Pension were wrongdoers. First, this court should not lend its resources to mediating a dispute between wrongdoers. *Bateman Eichler,* 472 U.S. at 306, 105 S.Ct. 2622. Secondly, denying relief to the wrongdoer is an effective means of deterring illegality. *Id.*

The Trustee makes one argument in distinguishing prior application of the *in pari delicto* doctrine to the case at bar. The Trustee points out that his complaint also alleges that at the time Ms. Reifel was defrauding Pooled Pension's investors, she was acting as an agent and licensee of Royal Alliance. The Trustee has alleged that Ms. Reifel defrauded the investors while in her capacity as a licensed broker operating under the aegis of Royal Alliance.

The Trustee's argument misses the mark in that it is of no moment that Ms. Reifel was also acting as an agent of Royal Alliance. The *in pari delicto* doctrine focuses on the wrongdoing of the party seeking relief. In this case, the Trustee is seeking relief, but the Trustee is standing in the shoes of Pooled Pension. Thus for purposes of the *in pari delicto* doctrine, Pooled Pension is the party seeking relief. But the court must go one step forward

because Pooled Pension only had one decision-maker, Ms. Reifel, and her fraudulent actions must be imputed to Pooled Pension. *Cassidy,* 126 So. at 737. Ms. Reifel, although an agent of Royal Alliance, was still the sole shareholder and sole decision-maker of Pooled Pension. There is no allegation that Ms. Reifel was not in such a position at the time she defrauded the investors of Pooled Pension. Thus Ms. Reifel was the primary wrongdoer that ultimately caused Pooled Pension damages, and because her actions must be imputed to Pooled Pension, Pooled Pension was the wrongdoer that injured itself.

The Trustee's argument is not persuasive for another reason. If this court were to hold that the *in pari delicto* doctrine does not apply because Ms. Reifel, although the sole decision-maker of Pooled Pension at the time of the fraudulent activity, was an agent of a third party (Royal Alliance), then it would open the door for sole decision-makers of corporations to provide a safe-harbor for their corporation's fraudulent activity by simply engaging themselves in another corporation. For example, suppose Ms. X was the sole decision-maker for Corporation A. According to the Trustee's logic, Ms. X could form Corporation B, defraud the investors of Corporation A by conspiring with Corporation B, ultimately cause damages to Corporation A, and then recover Corporation A's damages because she happened to also be involved with Corporation B. End-runs around the *in pari delicto* doctrine would spring up (as in this hypothetical), and straw-corporations will be formed to provide cover for undertaking in fraudulent activity. The court is not prepared to go down this path, especially in light of the absence of any authority in support of the Trustee's argument.[1]

---

1. The Trustee's memorandum in opposition relies on *Bateman Eichler* for the proposition

that unwitting dupes of a fraud do not share equally in fault of the primary wrongdoer.

Counts two through four of the Trustee's complaint seeks relief from Ms. Reifel's fraudulent actions. It matters not that Ms. Reifel was also an agent of Royal Alliance—her fraud is imputed to Pooled Pension. Accordingly, the admission of Pooled Pension's wrongdoing in the Trustee's complaint precludes any relief under the doctrine of *in pari delicto*. Royal Alliance's motion to dismiss (doc. 31) is granted.[2]

## B. The Bordelon Children's Motion to Dismiss Royal Alliance's Third Party Complaint

Royal Alliance has filed a third party complaint claiming indemnification, reimbursement, and/or contribution from Elizabeth and Dean Bordelon, in whole or in part, for all of the amounts Royal Alliance has been found liable to Pooled Pension or the investors of Pooled Pension in the Barry Proceeding. Royal Alliance proceeds under a theory of unjust enrichment—that the Bordelon Children have been enriched by the fraud committed against Pooled Pension, and to which Royal Alliance paid damages.

■■■■ The basis for indemnity in the civil law is "restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility." *Commercial Union Ins. Co. v. CBC Temp. Staffing Servs., Inc.*, 897 So.2d 647, 651 (La.Ct.App.2004) (citations omitted). La. Civ.Code Art. 2298 is titled "Enrichment without cause; compensation," and it provides,

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ.Code Art. 2298. In Louisiana, a *prima facie* case of unjust enrichment requires a showing of: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment; and (5) no other available remedy at law. *Minyard v. Curtis Prods., Inc.*, 251 La. 624, 205 So.2d 422, 431–32 (1967).

■■■■ Royal Alliance alleges that the Bordelon Children have been enriched vis a vis their collection of the money Ms. Reifel obtained through defrauding the investors of Pooled Pension. In this case, there is an impoverishment now that Royal Alliance has paid the defrauded investors.[3] Moreover, the Barry Proceeding petition, which Royal Alliance seeks to incorporate by reference, sufficiently alleges a connection between the enrichment on the part of the Bordelon Children, and the impoverishment on the part of Royal Alliance. As the complaint alleges, Royal Alliance paid

Doc. 42, pg. 7. The Supreme Court, however, addressed claims made by the defrauded investors, and not by the fraudulent party, in *Bateman Eichler* when it held that *in pari delicto* did not apply. In the case at bar, the Trustee is asserting the claims of Pooled Pension, the same guilty corporation that was used by its sole decision-maker to perpetrate fraud on unwitting investors. Pooled Pension was not an "unwitting dupe." To the contrary, Pooled Pension, through Ms. Reifel, was the defrauding party causing its own losses.

2. In light of the court's ruling, Royal Alliance's alternative arguments need not be analyzed.

3. Royal Alliance's Third Party Complaint, ¶ 3.

damages to Pooled Pension's investors for wrongdoing by the Bordelon Children and Ms. Reifel.[4] Furthermore, viewing the allegations in the Barry Proceeding petition and Royal Alliance's third party complaint in a light most favorable to Royal Alliance, there is alleged an absence of justification for the enrichment by the Bordelon Children. The Barry Proceeding petition suggests that the Bordelon Children's actions contributed to the fraud against the investors.[5] Furthering the commission of fraud is not a justification. Finally, the court knows of no other available remedy at law, such as one in contract, at this time. Accordingly, Royal Alliance has made a *prima facie* showing of unjust enrichment by the Bordelon Children.

 The court, however, notes that while Royal Alliance's memorandum in opposition of dismissal (doc. 43) asserts that it incorporates by reference the allegations from the Barry Proceeding petition, Royal Alliance's third party complaint makes no such allegation of incorporation. When a plaintiff's complaint fails to sufficiently state a cause of action as pleaded, and when sufficiently early in the litigation, the proper procedure in the federal courts is to permit the plaintiff to file an amended complaint instead of outright dismissal of its claims. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–99 (5th Cir.1981); *Schaeffer v. Ascension College, Inc.*, 964 F.Supp. 1067, 1073 (M.D.La.1997); *Taylor v. Dallas County Hosp.Dist.*, 976 F.Supp. 437, 438 (N.D.Tex.1996); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985).

4. *See* Barry Proceeding Petition, ¶¶ 29, 35.

5. *See id.*

6. Royal Alliance also argues that third party defendant Dean Bordelon owes indemnification to it because he executed an agreement to indemnify. The agreement, however, is

Consequently, the court grants Royal Alliance the opportunity to amend its third party complaint by incorporating the appropriate allegations from the Barry Proceeding petition, and to be consistent with this ruling.[6]

## Conclusion

It is hereby ordered that Royal Alliance's motion to dismiss counts two, three, and four of the Trustee's complaint (doc. 31) is hereby GRANTED. The Trustee's claims are barred under the doctrine of *in pari delicto*.

It is further ordered that the Bordelon Children's motion to dismiss Royal Alliance's third party complaint (doc. 30) is hereby GRANTED. Royal Alliance, however, is granted leave to file an amended complaint, consistent with this ruling, within 10 days from the date of entry of this ruling and order.

IT IS SO ORDERED.

"extraneous material" found outside of the pleadings, and on a motion to dismiss under Rule 12(b)(6), the court does not examine the agreement. *Isquith on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988).